## Case No. 1,632.

### In re BONNET.

[1 N. Y. Leg. Obs. 310.]

District Court, S. D. New York.    Jan. 27, 1843.

ACT OF BANKRUPTCY—TRADING.

1. A judgment given to a particular creditor, followed by an execution, in the absence of evidence that the debtor was insolvent at the time he gave such judgment, or that it covered the whole of the debtor's effects, does not amount to an act of bankruptcy.

2. A mere security, though given as a preference, is not an act of bankruptcy, unless it be made or given in contemplation of bankruptcy.

3. Whether an application for a decree in invitum against a debtor who is described in the petition as a person now using the trade of merchandise, there being no allegation that he was a trader when he committed an act of bankruptcy, can be supported, quaere.

This was an application [in the matter of James Bonnet, Jr.] for a decree of bankruptcy in invitum, the points raised in the objections to which appear in the learned judge's opinion. [Denied.]

P. Clark, for bankrupt.
Mr. Joachimssen, for creditor.

BETTS, District Judge. This is a petition by a creditor for a decree of bankruptcy against the debtor. Objections to the decree are interposed by a third person, a party in interest, which in effect are a demurrer to the petition. The points argued have accordingly been, whether there is enough upon the face of the petition to entitle the creditor to a decree of bankruptcy in invitum against his debtor. The creditor proceeds upon two debts: The first, a promissory note, dated January 1, 1842, for $700, (in part paid,) and on which he alleges there remained a balance of $529.67, due on the ninth day of December last, and the second an account for goods sold on or before the 25th day of July last, on which was due the 18th of August, $362.47, and with interest amounting on the 7th of December to $370.14. The petition was sworn to the 9th of December,

and was filed the 12th. The act of bankruptcy charged is, that the debtor "did willingly and with an intent to give a preference over his general creditors on or about the month of September last, confess a judgment in favor of John B. Underhill, a relative of his, for $900, and that an execution has been issued upon said judgment, and is now in the hands of the sheriff, and that the stock of goods, and other property of the debtor, are to be sold out immediately, and as the petitioner believes this very day," etc. To show that the debtor was a proper party to be proceeded against in this manner, the petitioner states, that "he is a merchant, now using the trade of merchandise, etc., or was so using the said trade on the 5th day of December instant, and at the times the (aforesaid) debts were contracted."

It is becoming a point of much practical importance to ascertain how far the confession of judgment, followed by execution, is to be regarded an act contravening the policy of the bankrupt law, and subjecting the debtor to be proceeded against as a bankrupt. The question has been agitated in several cases, but no definite rule of general bearing can be extracted from them. In some instances it seems intimated that such confession of judgment falls within the enumeration of acts under the second section, declared void, and a fraud upon the statute; and in others the inclination of the court would appear to be, to regard the arrest of property on process under the judgment, as willingly procuring it to be taken under execution by the debtor. Wakeman v. Hoyt [Case No. 17,051]; Albany Exch. Bank v. Johnson [Id. 133]; M'George's Case, in this court, Dec. 31st [unreported]; Hall's Case, Sept. 17th [Case No. 5,919]. In M'George's Case it was decided by this court that a confession of judgment to an amount exceeding the value of the debtor's property, the debtor knowing himself to be insolvent, was an act of bankruptcy, being a security or assignment fraudulent in law as against the policy of the bankrupt act; but I refused to regard the taking out of execution by a judgment creditor without any positive participation on the part of the debtor, or any other act in relation to the process to give facility or despatch in the arrest of property as willingly procuring his goods to be taken in execution. See Nelson's Case, Dec. 31st [unreported]. In this case the judgment security was for $900, and there is no allegation that the debtor was insolvent, or that the security covered all his property. A mere security, though giving a preference, is not an act of bankruptcy unless executed in contemplation of bankruptcy. Here there is no averment of such purpose or expectation. That is a material allegation, and cannot be supplied by intendment. To support the proceedings, when the allega-

tion is omitted, it must be shown that the security or assignment was made by an insolvent, and embraced all his property. There is nothing upon this petition that shows the debtor could not discharge his entire indebtedness, or that the security he gave one creditor by judgment must necessarily prejudice the others; and the petition is defective in substance for that cause. The petitioner also fails in describing the debtor as a party subject to compulsory proceedings in bankruptcy. "All persons being merchants, whenever such person being a merchant," shall do certain acts, shall be liable to become bankrupts, and may be proceeded against by their creditors for that purpose. Section 1.

The phraseology of the English act of 13 Eliz. c. 7, carried into the consolidated acts of 6 Geo. IV. c. 16, is: "Any person using a trade, or seeking a living by buying and selling," etc., may be subjected to a commission of bankruptcy. In the construction of this act it has been held by Lord Eldon, that persons were liable to be made bankrupts for acts of bankruptcy committed after they ceased to be traders. 15 Ves. 449, 458, 495; 1 Rose, 403; 2 Rose, 357. It may be very questionable whether the change of expression in our statute would not lead to a different construction of the provision here, for the legislature uses language of great distinctness and force to denote the actual continuance of the trading at the time the act of bankruptcy is committed. I have had occasion to advert to the point before,—In re Hill, July 16th [Case No. 6,485], and In re Smith, Oct. 28, 1842 [Id. 12,994],—but the case has not yet arisen demanding an explicit decision of the question.

The petitioners fail in this instance to charge the acts of bankruptcy to have been committed whilst the debtor was a trader, for, though the averment that he was so in January, August and December, 1842, may raise an implication, that he was also in September, when the judgment was confessed, yet if the construction of the act shall demand as a pre-requisite to the proceeding, that the debtor continued to be a trader when he made the preferential security, the courts would require that fact to be affirmatively averred, and not act upon a mere implication, however probable it might be. I have strong doubts, whether the proceedings could be sustained without a direct allegation, that the debtor was a trader at the time he committed the acts of bankruptcy.

On the other point, however, it appears to me, the case is clear, that enough is not stated to subject the party to these compulsory proceedings, and I shall accordingly allow the broad objection that, upon the petition, it does not appear that the party has committed any act of bankruptcy, and refuse the decree prayed for by the creditors, on the papers as they now stand.